UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
FRANK JAMES OSLZLY,                                      :
                                                         :
                              Plaintiff,                 :
                                                         :     **MEMORANDUM AND ORDER**
              - against -                                :
                                                         :     15 Civ. 5681 (BMC) (LB)
ISRAEL MENDLEWICZ, NEHEMIAH                              :
ISRAEL BEN-ZEV, and JEWISH BOARD FOR                     :
FAMILY AND CHILDREN'S SERVICES,                          :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X

**COGAN,** District Judge.

    Plaintiff *pro se* brings this action against the Jewish Board for Family and Children's

Services ("JBFCS") and two of its staff members.  Plaintiff's request to proceed *in forma*

*pauperis* is granted for the purpose of this Order.  For the reasons set forth below, the action is

dismissed.

## BACKGROUND

    The following facts are drawn from plaintiff's complaint, the allegations of which are

assumed to be true for purposes of this Memorandum and Order.  Plaintiff was referred to

defendant JBFCS for social services, including treatment for Post-Traumatic Stress Disorder,

supportive housing, and rape counseling.  Due to the actions of the individual defendants, no

treatment or counseling was provided, and plaintiff was not in the country at the time the signed

referral for rape counseling was issued.  A copy of a discharge summary is attached to the

complaint, along with a copy of a page from what appears to be a U.S. passport.  The discharge

summary indicates that it was electronically signed by Dr. Mendlewicz on November 23, 2014,

and includes plaintiff's annotation noting that he was out of the country at the time. The discharge summary does not indicate the dates on which plaintiff was seen or whether any written materials were provided earlier.

The complaint continues that employees of JBFCS told him that various referrals were available and that "these weeks were paid for by [plaintiff's] Federally issued insurance . . . for Adult Children's Disability Determination proceedings." Plaintiff alleges that no referral for supportive housing was made because a form stated plaintiff had a residence, but that plaintiff currently resides in Ukraine. Plaintiff further alleges he brought this discrepancy to the attention of a Health and Human Services employee. An attached printout of an email exchange with Ms. Peart includes "Privacy Act Request for Access Letter" and references to a "request made under the Freedom of Information Act" and a "HIPAA complaint."

Plaintiff alleges fraud, neglect, and intentional infliction of emotional distress. As a remedy, plaintiff seeks the return of funds to Amerigroup Health Plus, the filing of criminal charges against defendants Mendlewicz and Ben-Zen, damages of $75,001, changes to his diagnoses and treatment plan by defendants, and provision of housing costs while his Adult Children's Disability Benefits case is pending. In a letter attached to the complaint, plaintiff requests to make a Martinez Petition for interim benefits, and ask for writs of mandamus for the SSA to obtain preexisting medical records."

At the time plaintiff filed the complaint, he stated that he resided in Ukraine. On October 5, 2015, the Court received a "Motion for notices to kept Pro Se Office" [*sic*]. Plaintiff states: "I have returned to the USA, and of course cannot receive mail in Ukraine any longer. Currently, no mailing address is available to me here, in NYC[.] I am attempting to obtain a P.O. Box, but

am having difficulties renewing my New York State I.D., which expired." He states that he is "undomiciled" and asks "that notices be kept at the Court, so that I may pick them up here."

Also on October 5, 2015, plaintiff filed three additional submissions. One is entitled "Motion to audit expenses related to NYC DHS paying for my services," and speculates that the Department of Homeless Services was paying for "unneeded service" if the agency believed him to be living in a homeless shelter while he was abroad. Another is entitled "Motion for HHS OCR to subpoena medical records from JBFCS" and requests records "to verify fraud." The third is entitled "Motion to include OIG Investigations" and includes reference to a referral to the United Sates Department of Health and Human Services Office of the Inspector General.[1]

## DISCUSSION

### A. Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that the Court must read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.

### B. Subject Matter Jurisdiction

A plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. See, e.g., Hamm v. United States, 483 F.3d 135 (2d Cir. 2007); Ally

---

[1] On June 6, 2014, Plaintiff filed a complaint against the operator of homeless shelters in which he had previously resided, the New York City Department of Homeless Services and Human Resources Administration, and individuals working for these entities. See Oslzly v. Rosenblatt, et al., 14-CV-3638 (SLT), 2014 WL 4161347 (E.D.N.Y. Aug. 19, 2014) (dismissing some of the defendants and permitting plaintiff to replead). That action remains pending in this Court.

v. Sukkar, 128 F. App'x 194 (2d Cir. 2005). Federal jurisdiction is available when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002), and its absence may be raised by the court *sua sponte*. See Henderson v. ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197 (2011). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006); Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint does not assert a valid basis for this Court's jurisdiction over his claims. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). Plaintiff's claims appear to arise under state laws, including "criminal fraud," "criminal neglect" and "intentional infliction of emotional distress." Federal courts do not have independent jurisdiction to enforce state laws or causes of action. As the Court has already explained, "criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." Oslzly v. Rosenblatt, 2014 WL 4161347, at *7. To the extent that plaintiff wishes to report a crime, he may do that with the appropriate law enforcement agency. Should he believe that he has a tort claim under New York State Law, he may raise those claims in state court.[2]

---

[2] Although federal courts may exercise supplemental jurisdiction over state law causes of action that are related to federal claims over which they have jurisdiction, the instant complaint does not present any independent basis for federal jurisdiction. The Court has considered whether it may exercise diversity jurisdiction over plaintiff's claims, below.

The Court has considered whether plaintiff's references to the Social Security Act, the Privacy Act, the Freedom of Information Act, and a "HIPAA complaint" could confer subject matter jurisdiction over his claims and finds that none of these Acts are applicable to this action.

The Social Security Act includes provisions for federal court review of final decisions of the Commissioner of Social Security regarding determinations of an individual's eligibility for disability benefits, as codified in 42 U.S.C. § 405(g) and § 1383(c)(3). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." Weinberger v. Salfi, 422 U.S. 749, 765, 95 S. Ct. 2457 (1975). Accordingly, district court review may occur only "after any final decision of the Commissioner made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g). In this case, plaintiff has not alleged that he received a final decision from the Social Security Administration, as would be required by 42 U.S.C. § 405(g), and his reference to "a Martinez Petition for interim benefits" suggests that he has a pending case. As there is no "final decision" for this Court to review, the Court does not have jurisdiction to review petitioner's request for interim Social Security benefits.

The Freedom of Information Act, codified at 5 U.S.C. § 552, created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. Federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150, 100 S. Ct. 960 (1980). The Privacy Act, codified at 5 U.S.C. § 552a, permits recovery for "actual damages," meaning "pecuniary or economic

harm," caused by a federal agency's disclosure of confidential records held by that agency. 5 U.S.C. § 552a(g)(4)(A)); F.A.A. v. Cooper, __ U.S. ___, 132 S. Ct. 1441, 1453 (2012). Under both provisions, claims must be brought against the federal agency, not against public officials, private individuals, or even state agencies. See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122 (2d Cir. 2008) (per curiam); Mamarella v. Cty. of Westchester, 898 F. Supp. 236 (S.D.N.Y. 1995). Plaintiff has not alleged that any federal agency has violated his rights under the Freedom of Information Act or the Privacy Act, and these Acts do not provide a basis for the Court's subject matter jurisdiction over his claims against a local social services provider and its staff members.

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") protects against unwarranted disclosure of health records and information by authorizing the Secretary of Health and Human Services to make and enforce regulations concerning the privacy of individually identifiable health information. However, there is no private right of action under HIPAA. See Ames v. Group Health Inc., 553 F. Supp. 2d 187 (E.D.N.Y. 2008). Accordingly, plaintiff's reference to a HIPAA complaint does not invoke this Court's jurisdiction over his claims.

None of these federal statutes provides a private cause of action against any of the named defendants, and the Court can identify no other basis for federal question jurisdiction.

Plaintiff's request for monetary damages in the amount of $75,001 suggests that he may seek to meet the jurisdictional amount in order to invoke diversity jurisdiction over his claims, pursuant to 28 U.S.C. § 1332. A party seeking to invoke diversity jurisdiction bears the burden of demonstrating that the grounds for diversity exist. See Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157 (2d Cir. 1998). In determining diversity jurisdiction, an individual is a

citizen of the state in which he is domiciled. <u>Spanos v. Skouras Theatres Corp.</u>, 364 F.2d 161, 163 (2d Cir. 1966), <u>cert. denied</u>, 385 U.S. 987 (1966). Every person, even the homeless or transient, must have a domicile somewhere, whether it be his last acquired state of citizenship or a new state wherein he was both physically present and intended to remain indefinitely. <u>Cloyce v. Macy's Dep't Store</u>, No. 05 Civ. 597 LTS/KNF, 2006 WL 983931 (S.D.N.Y. Apr. 12, 2006) (citations omitted). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. . . . At any given time, a person has but one domicile." <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). Until a new domicile is established, the old one remains. <u>See</u> <u>Mitchell v. United States</u>, 88 U.S. 350 (1874).

Defendants appear to be residents of New York State. Plaintiff initially asserted that he resided at an address in Ukraine, but has subsequently stated that he has returned to the United States, has attempted to renew his New York State ID, and is able to pick up legal notices from the Courthouse. Applying this definition to those facts, this Court finds that plaintiff has not met his burden of establishing complete diversity of citizenship.

Moreover, in addition to showing complete diversity of citizenship, plaintiff must plausibly claim an amount in controversy over $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." <u>Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago</u>, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted). Although plaintiff asserts damages slightly in excess of the jurisdictional amount of $75,000, this demand for relief is unsupported by any description of actual harm caused to plaintiff by defendants. The only personal harm plaintiff alleges is that defendants' referral for requested social services was

not provided until after he had left the country, and that "this is also outrageous enough" to constitute "intentional infliction of emotional distress." On these allegations, the Court is not satisfied that it is reasonably probable that he can recover more than $75,000 in this action.

However, "before determining that the amount in controversy requirement has not been met, "the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible." Chase Manhattan Bank, 93 F.3d at 1070 (quotation marks and citations omitted). Accordingly, plaintiff is afforded an opportunity to establish that this Court has jurisdiction over his complaint by establishing complete diversity of citizenship and a basis for asserting damages in excess of $75,000 on his potential state law claims.

## **CONCLUSION**

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall have twenty (20) days from the date of this Order in which to file an amended complaint in order to assert a basis for jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include in the amended complaint all the necessary information to support his claims. In addition, the amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order. If plaintiff fails to comply with this order within the time allowed, judgment shall be entered against plaintiff. No summons shall issue at this time and all further proceedings shall be stayed for twenty (20) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated:  Brooklyn, New York
        November 25, 2015