```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
FRANK JAMES OSLZLY,                                         :
                                                            :
                              Plaintiff,                    :   **MEMORANDUM DECISION AND**
                                                            :   **ORDER**
            - against -                                     :
                                                            :   15 Civ. 5681 (BMC) (LB)
ISRAEL MENDELOWICZ,                                         :
NEHEMIAH ISRAEL BEN-ZEV, and                                :
JEWISH BOARD FOR FAMILY AND                                 :
CHILDREN'S SERVICES,                                        :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

By Decision and Order dated November 25, 2015, I granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the complaint without prejudice, and granted 20 days leave to submit an amended complaint. Plaintiff submitted his Amended Complaint on December 28, 2015, which I accept as timely. Nevertheless, the Amended Complaint fails to cure the deficiencies of the original complaint and is dismissed for the reasons set forth below.

Plaintiff's initial complaint was dismissed for lack of subject matter jurisdiction. Although it referenced several provisions of federal law, none of the cited statutes provide a private cause of action against the named defendants. Nor could I exercise diversity jurisdiction, as plaintiff had not established complete diversity of citizenship nor plausibly asserted an amount in controversy in excess of $75,000 on his potential state law claims.

The Amended Complaint names the same defendants and alleges the same series of facts. It proposes two new bases for jurisdiction, the Program Fraud Civil Remedies Act of 1986 (PFCRA) and the Federal False Claims Act. The False Claims Act, 31 U.S.C. § 3729, *et seq.*

("FCA") provides for liability when any person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." See 31 U.S.C. § 3729(a)(1). Pursuant to the *qui tam* provisions of 31 U.S.C. § 3730(b), a private individual, known as a relator, "may bring a civil action for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government." 31 U.S.C. § 3730(b). In this case, plaintiff asserts that he is seeking to recover money for his state-funded health insurance, not the United States government. Moreover, he cannot proceed *pro se* as a relator under the FCA because p*ro se* litigants cannot serve as relators under the FCA. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

The Program Fraud Civil Remedies Act of 1986, 31 U.S.C. §§ 3801–3812, allows federal departments and agencies to pursue administrative actions against individuals for false, fictitious, or fraudulent claims for benefits or payments under a federal agency program. See Orfanos v. Dep't of Health and Human Servs., 896 F. Supp. 23 (D.D.C. 1995). Under this provision, claims must be initiated by an investigating official within the agency or by the Attorney General of the United States, and there is no *qui tam* provision for a relator to bring a civil suit on behalf of the United States. See generally 38 C.F.R. § 42.1(b)(1); 31 U.S.C. §§ 3801–3812.

Neither the Amended Complaint nor the original Complaint provides a valid basis for this

Court to exercise jurisdiction.  Accordingly, the action is hereby dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                                                   _____
                                                                                             U.S.D.J.

Dated:  Brooklyn, New York
         January 14, 2016